Downey, Judge,
delivered the opinion of the court:
The plaintiff seeks to recover three items growing out of a War Department contract known as War-Ord. R-292-B, for the manufacture by it for the United States of 30,000,000 .45-caliber cartridges for pistols and revolvers. The three items are: First, $131,775.95, for additional labor cost incurred by the plaintiff by reason of an award made by the Secretary of War increasing the wages of plaintiff’s employees; $5,700 for packing cartridges in clips; and $2,721.69 as an adjustment in the price of delivered cartridges on account of cost of materials. None of the items are in dispute as to amount; but to entitle the plaintiff to recover the first-named item it is necessary that the contract be reformed, and it seeks that relief at our hands.
The findings of fact are very full and detail the whole transaction. They are perhaps more voluminous than necessary, but they respond to requests made by plaintiff and all tend to explain the situation. This is so to such an extent that any considerable repetition will be avoided here.
The reformation sought in the contract is that it shall be made to include what is commonly known as the “ labor-disputes clause ” commonly in use at this time in War Department contracts, and set out in Finding IX. Its purpose was apparent. The need of the Government was to expedite production and to obviate delays on account of strikes. This it was intended to accomplish by vesting in the Secretary of War authority to settle labor disputes and fix wages, and if the Secretary of War saw fit by such action to increase the scale of wages which the contractor was to pay, so that the labor costs were thereby increased over those contemplated when the contract was made, it was but fair that the contractor should be compensated to the extent of such increases.
*229 This clause was omitted from the contract in question and omitted under such circumstances that the contention is that the plaintiff is entitled to a reformation of the contract by its insertion.
It is well to say here that there is but little controversy between the parties either as to the facts or the law of the case, except that it is suggested that the plaintiff has lost its right to a reformation of the contract by its negligence in connection with its execution.
There is no doubt about the fact that it was the intention of both parties that the “labor-disputes clause” should be included in this contract. The Secretary of War had directed that it should be included in all such contracts. It had been said in conferences between representatives of this plaintiff and the United States that it would be included in this contract. This plaintiff at that time had two other contracts with the United States, not yet completed, in both of which the “ labor-disputes clause ” had been included. It was the expectation that performance of this contract would be under way while work was yet progressing on the other two contracts, and this condition necessitated that all ‘ pending contracts should be upon the same terms. There had been a change in the organization of the bureau having charge of the letting of this contract so that those who came to take the work over and prepare this contract were not familiar with the situation and in its preparation the clause was omitted.
The negligence of the plaintiff, to which attention is called, is predicated on the fact that the contract was signed by an officer of the plaintiff company without a reading in all its details, resulting in the failure to discover the omission at that time. The facts seem to be that the officer of the plaintiff company who would ordinarily have executed the contract was ill at the time and the duty of its execution devolved upon another officer, to whom the contract was handed by still another officer who reported to him that the contract was all right and ready for his signature. Attention had apparently been paid to the written provisions of the contract involving its terms as to this particular work *230 and the fact that the “ labor-disputes clause ” was omitted from the printed portions thereof escaped attention. That plaintiff’s officers proceeded upon the understanding that this clause was in this particular contract seems to be evidenced by their action in reporting to the Secretary of War the fact that labor disputes had arisen in plaintiff’s plant affecting the performance of the contract, followed by their compliance with the order of the Secretary of War adjusting the disputes by the fixing of a scale of wages. The increased cost of labor in the performance of this contract by reason of the award made by the Secretary of War is conceded in the amount claimed by the plaintiff, and it would work a gross injustice to now say that under these circumstances the plaintiff is not entitled to the relief sought simply because it failed to discover this omission at the time it signed the contract. It was primarily not its fault that the clause was not in the contract as submitted to it for execution and if such a rule were to be invoked in ail cases so that relief was to be denied on the ground that failure to discover an error constituted such negligence as precluded relief, it is difficult to see how there could ever be a case in which such relief might be granted, for if errors were always to be be discovered before the execution of contracts it would seem that there could be no errors for correction. We think the plaintiff is clearly entitled to the reformation of the contract in this respect and when it is so reformed there remains no question about its right to recover the item of $131,775.95 on account of increased labor cost.
There is only one other question presented with reference to this item and that is predicated on the fact that upon two items of an entirely different nature the plaintiff had filed a claim with the Boston District Claims Board which had finally been allowed in the sum of $6,577.44, of which allowance the plaintiff was informed, and upon payment of which it was required to sign a release. These two items were the only items involved in that claim, but in the preparation of a release to be signed a form was used which contained a general release of all claims under the contract. At this time the claim for additional labor costs already re *231 ferred to was pending before another board and was being vigorously prosecuted, and there was no conception apparently upon the part of anyone having to do with these transactions that the two claims had any relation to each other or that the execution of the release in connection with the claim allowed for $6,577.44 in any manner affected the rights of the plaintiff as to its claim for increased labor cost. It is so apparent that this release then signed was not intended to have any effect upon the pending claim for increased labor costs that there could be no justification for giving it any such application at this time.
The other two items claimed herein are claimed under provisions of the contract, the amounts are not in dispute, and as we understand it, plaintiff’s right to recover them is not controverted. As against the aggregate of these claims, however, plaintiff concedes a credit of $585.42, as an allowance not in dispute, leaving the aggregate of the claims $139,612.22.
It follows therefore that the plaintiff is entitled to have the contract reformed by the insertion of the “ labor-disputes clause ” set out in Finding IX, and that upon the contract so reformed the plaintiff is entitled to recover $139,612.22, and we have so ordered.
Ghauam, Judge; Hat, Judge; Booth, Judge; and Campbell, GMef Justice, concur.